clf\cosgrove-citizens\pleadings\amended class complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLYNN HARTT, individually and on behalf of all others similarly situated, 2371 CR 256 Nacogdoches, TX 75965, <br>                     Plaintiff, <br><br> vs. <br><br> FLAGSHIP CREDIT CORPORATION 3 Christy Drive, Suite 201 Chadds Ford, PA 19317, <br>                     Defendant. | CLASS ACTION <br><br><br><br><br> NO. 10-cv-00822(NS) |

## **AMENDED COMPLAINT**

**I.     INTRODUCTION**

1.      This is a consumer class action against an auto finance company brought pursuant to the Texas version of the Uniform Commercial Code ("UCC" or "Code"), Tex. Bus. & Com. Code §9.601, *et seq*. The UCC requires secured parties to strictly comply with post-repossession notice requirements.

2.      Defendant Flagship Credit Corporation ("Flagship") is a Pennsylvania based automobile-finance company. When Flagship believes that a consumer has defaulted on a loan, it repossesses and re-sells the consumer's vehicle. In the course of repossessing vehicles, Flagship failed both substantively and procedurally to provide plaintiff and the class with the reasonable authenticated notice of disposition of collateral required under the UCC.

3.      Because self-help repossession effects a seizure of property without judicial authorization or oversight, the UCC requires secured creditors like Flagship to adhere strictly to the code's notice rules. Failure to provide proper notice of disposition of repossessed consumer

goods as directed by the UCC is a violation of the code that yields uniform statutory minimum damages.

## II. JURISDICTION

4. Plaintiff originally filed this action in the Philadelphia Court of Common Pleas on December 10, 2009, at December Term, 2009, No. 00801. On or about February 25, 2010, Flagship removed the matter to this Court asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

5. In so removing, Flagship's declarant attested to 902 class members, and statutory damages (according to the Common Pleas class complaint pled by Hartt) in excess of $5 million dollars. If true as attested, this would meet the threshold for jurisdiction under CAFA. *Id.* Relying thereon, Plaintiff here invokes subject matter jurisdiction under CAFA.

6. Jurisdiction arises under CAFA, codified in pertinent part at 28 U.S.C. §1332(d), as having been so informed:

(a) The amount in controversy exceeds $5,000,000, exclusive of interest and costs; and

(b) There exists sufficient diversity of citizenship between the members of this Texas class and the Pennsylvania defendant.

## III. PARTIES

7. Plaintiff Glynn Hartt, (hereinafter "Hartt") is an adult individual who resides 2371 CR 256, Nacogdoches, TX 75965.

8. Defendant Flagship Credit Corporation ("Flagship") is believed to be a Delaware corporation with its principal place of business located at 3 Christy Drive, Suite 201, Chadds Ford, PA 19317.

9. Flagship regularly does business within this District and has its principal place of business in this district.

10. Flagship is in the business of vehicle financing through car dealerships or by assignment.

## IV. STATEMENT OF CLAIM

11. On or about October 20, 2007, Plaintiff Hartt obtained an automobile loan through a car dealer from Defendant Flagship to finance the purchase of a Hyundai automobile. A copy of the loan contract ("Contract") is appended hereto as Exhibit "A". (Redacted per Fed. R. Civ. Pro. 5.2).

12. Pursuant to the terms of the loan contract, Flagship, as assignee, was the lender and secured party.

13. Shortly after entering into the car loan, Hartt fell behind in his payment.

14. In early March, 2008, Flagship, as the lender and secured party, repossessed Hartt's vehicle or directed that it be repossessed.

15. On or about March 10, 2008, after repossessing the vehicle, Flagship sent to plaintiff a "Notice of Intent to Sell Property" (the "Notice"). A copy of the Notice is attached hereto as Exhibit "B".

16. Article 9 of the UCC governs vehicle finance transactions such as this.

17. As the retail installment contract and repossession occurred in Texas and the contract contains a Texas choice of law provision (¶8), Texas substantive law applies.

18. Under the UCC, Flagship was required to provide "reasonable authenticated notification of disposition" of the collateral to the consumer. Tex. Bus. & Com. Code §9.611.

19. Contents of a reasonable notice as contemplated by the UCC are found at Sections 9.613 and 9.614 of the code, and in the parties' agreement.

20. Under the UCC and governing law, notice of disposition of collateral is a key component of the statutory right to self-help repossession as it provides important information concerning an impending forced sale of the consumer's vehicle, and sum(s) necessary to get the car back.

21. Flagship did not send a proper notice of disposition as required under the UCC to Hartt and the Class.

22. Flagship's Notice states that the vehicle may be sold "at a private sale or auction <u>within</u> 10 days from the date of this letter." (Ex. "B", emphasis added). Flagship's Contract provides that "we will send you notice at least 10 days before we sell it." (Ex. "A" at ¶ 3F).

23. Flagship failed to provide proper notification of disposition to Hartt and the class by:

    (a) Failing to state that the "debtor is entitled to an accounting of the unpaid Indebtedness, and ... the charge, if any, for an accounting." Tex. Bus. & Com. Code §9.613(1)(D) (actionable under 9.614(1)(A));

    (b) Failing to provide "a description of any liability for a deficiency." Tex. Bus. & Com. Code §9.614(1)(B);

    (c) Failing to provide "a telephone number from which the amount that must be paid to the secured party to redeem the collateral under Section 9.623 is available." Tex. Bus. & Com. Code § 9.614(1)(c); and

    (d) Failing to provide adequate notice of sale, and the proper time after which disposition is to be made. Tex. Bus & Com. Code § 9.613(1)(E), 9.614(1)(A).

24.     Tex. Bus. & Com. Code § 9.625(c)(2) (UCC 9-625) provides for minimum damages for a secured party's failure to follow the law. It provides:

> "(2) if the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this subchapter may recover for that failure in any event an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time price differential plus 10 percent of the cash price."

25.     The Official Comment to this section of the UCC in Texas makes clear that the statutory damages are both uniform and intended by the Act, regardless of whether "actual damages" are greater, lesser or even absent. The Uniform Commercial Code Comment to 9.625(c)(2) provides in pertinent part:

> "4. **Minimum Damages in Consumer-Goods Transactions**. Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary obligor in a consumer-goods transaction. It is patterned on former Section 9-507(1) and is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may have resulted."

26.     As set forth above, Flagship did not act in a commercially reasonable manner toward Plaintiff and the class. Tex. Bus. & Com. Code §9.610.

## V.     CLASS ALLEGATIONS

27.     Plaintiff brings this action on his own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

28.     The class is composed of all Texas residents to whom defendant failed to provide requisite notice(s) following the repossession of a motor vehicle(s) by Flagship.

29.     Plaintiff proposes to define the class as:

(a)     all persons with addresses in the State of Texas;

(b) who originally or through assignment financed a motor vehicle with Flagship primarily for consumer use, and pledged the vehicle as collateral for the loan;

(c) from whom Flagship, as secured party, repossessed the vehicle or caused it to be repossessed;

(d) who were sent a post-repossession notice that 1) did not advise the debtor that he/she is entitled to an accounting; or 2) did not provide a description of any liability for deficiency; or 3) did not state a telephone number from which the amount needed to cure or redeem could be obtained, if the customer so chose; or 4) stated that it is Flagship's intention to sell this vehicle at a private sale or auction within 10 days from the date of this letter; or 5) any combination thereof; or 6) were not sent any post-repossession notice.

(e) in the period commencing December 10, 2005, through the date of class certification.

30. The Class is believed to be so numerous that joinder of all members is impractical. The suit concerns, upon representation of Defendant, over 900 vehicle repossessions by Flagship.

31. There are questions of law or fact common to the class. These include:

(a) Whether defendant financed and repossessed a vehicle belonging to a class member;

(b) Whether defendant sent or failed to send the notice(s) required under the UCC after repossessing a vehicle;

(c) The applicability of uniform statutory damages provided for such misconduct.

32. Hartt's claims are typical of the claims of the Class. All are based on the same factual and legal theories. The rights derive from written, form contracts and a uniform statute of one state. The violation derives from written, form repo-notice letters that fail to conform.

33. Hartt will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in consumer litigation and consumer class actions.

34. The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumer debtors, who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the UCC, have been violated.

35. The Class should be certified under Fed.R.Civ.P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy.

36. Plaintiff also seeks a declaration that the form of Notice used by Flagship fails to comport with the law.

### UNIFORM COMMERCIAL CODE

37. Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

38. Defendant violated the Texas Uniform Commercial Code by failing to provide in the form and manner the notice required thereunder after repossessing a vehicle.

39. Defendant failed to provide "reasonable authenticated notice of disposition" as required under the UCC to Plaintiff and the class.

40. Defendant's failure to comply with the requirements of Subchapter 6 of Article 9 renders Defendant liable for minimum damages in the amount provided by §9.625(c).

**WHEREFORE,** plaintiff prays that this Court certify the class and enter a judgment for plaintiff and the class members against defendant Flagship Credit Corporation:

    (a)    awarding damages to plaintiff and to the class as provided under the UCC;

    (b)    awarding plaintiff and the class their costs, interest and fees as allowable;

    (c)    a declaration that the repossession notice utilized by Flagship in respect to plaintiff and the class fails to comport with the provisions of the UCC;

    (d)    granting such other relief as may be deemed just and proper.

## VI. <u>JURY DEMAND</u>

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 3/10/10

*/s/ Cary Flitter (CLF 5997)*
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

**LUNDY, FLITTER, BELDECOS & BERGER, P.C.**
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782