IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLYNN HARTT, individually and on behalf
of all others similarly situated,

Plaintiff,

vs.

FLAGSHIP CREDIT CORPORATION,

Defendant.

CIVIL ACTION

NO.  10-cv-00822 (NS)

**MEMORANDUM OF LAW
OF DEFENDANT FLAGSHIP CREDIT CORPORATION
REGARDING ISSUES OF FIRST IMPRESSION UNDER TEXAS LAW**

Pursuant to this Court's direction at the April 12, 2010 hearing on the rule to show cause and the Court's subsequent Order of April 13, 2010, Flagship Credit Corporation hereby submits its Memorandum of Law (1) addressing the jurisdiction of the Texas Supreme Court to consider certified questions and (2) summarizing issues of first impression under Texas law raised in this litigation.

**A.     JURISDICTION OF TEXAS SUPREME COURT TO CONSIDER CERTIFIED QUESTIONS.**

During the April 12 hearing, the Court requested that the parties address the jurisdiction of the Texas Supreme Court to consider certified questions from federal courts.  The Texas Supreme Court has jurisdiction to answer certified questions from the federal courts of appeals, but not from federal district courts.

Article 5 Section 3-c of the Constitution of the State of Texas defines the jurisdiction of the Texas Supreme Court to answer certified questions from a federal court:

Sec. 3-c.  Jurisdiction to Answer Questions of State Law Certified From Federal Appellate Court. (a) The supreme court and the court of criminal appeals have jurisdiction to answer questions of state law certified from a federal appellate court.

(b)  The supreme court and the court of criminal appeals shall promulgate rules of procedure relating to the review of those questions.

The rules confirm that the Court's jurisdiction is discretionary and limited to determinative questions of Texas law having no controlling Texas Supreme Court precedent. Rule 58, Tex. R. App. Proc.

**B.     PARTIAL LIST OF UNRESOLVED ISSUES OF TEXAS LAW AFFECTING OUTCOME OF THE CASE.**

The Court asked that Flagship provide a summary of issues of Texas law of first impression in this case.  In this case, plaintiff seeks, on behalf of himself and all Texans similarly situated, the minimum statutory damage provided under Tex. Bus. & Comm. Code § 9.625 (Section 9.625 of the Uniform Commercial Code as adopted in Texas).   Several unresolved questions relating to plaintiff's claim are already apparent.

1.      Whether the Absolute Bar Rule Precludes Defendant from Asserting Amounts the Putative Class Members Owe as Offsets to the Recovery Sought by Plaintiff.

During the hearing on transfer, plaintiff's counsel asserted that determination of the claims of the putative class would be uncomplicated because Texas is an absolute bar state and the issues of Texas law in this case were resolved at least twenty-five years ago.  Flagship disagrees with plaintiff's assertion and submits that the applicability of the absolute bar rule to this case is unsettled under Texas law and will require resolution of two different and potentially conflicting lines of Texas authority.

A minority of the states have applied a principle, known as the absolute bar rule, *i.e.*, that a secured creditor that fails to comply with certain requirements of Article 9 of the UCC,

including the notice requirement, cannot sue for the deficiency owed after the sale of the collateral. The majority of the states, including the Commonwealth of Pennsylvania, apply a different rule, *i.e*., that in the event of noncompliance there is a presumption that the value of the collateral equals the debt, but the secured creditor may rebut the presumption.

Texas has applied its own version of the absolute bar rule. See, *e.g*., *Tanenbaum v. Economics Lab., Inc*., 628 S.W.2d 769, 772 (Tex. 1982), *Greathouse v. Charter Natl. Bank-Southwest,* 851 S.W.2d 173 (Tex. 1992).

The Court will have to determine how the absolute bar rule applies to this case, if at all. Flagship expects the evidence to show that for most members of the putative class, the repossessed vehicles sold for less than was owed and the amount remaining owed is as much or more than the amount claimed by plaintiff. Flagship has therefore pleaded a defense of setoff, to offset the deficiencies should plaintiff prove a violation of the Texas statute, and a counterclaim to recover the amounts owed on the accounts owed to the extent the deficiency exceeds any recovery to which plaintiff may prove entitlement.

In determining the deficiencies, there will be numerous individualized disputes, *e.g*., whether each putative class member agrees with Flagship's records of payments, debits and credits and calculation of the amount owed, disputes over the reasonableness of the costs of repossession and resale, disputes over the commercial reasonableness of the sale, complaints regarding the vehicles, the salesperson's representations, *etc*.

Plaintiff apparently believes that those issues will not need to be addressed because the deficiencies will be barred by the absolute bar rule. However, determination of whether the absolute bar rule applies to this case and if so what effect it has will require resolution of two

different lines of Texas authority, *i.e.*, the "*Tanenbaum/Greathouse*" line of authority and the "*Guex*" line of authority.

In *Tanenbaum*, the Texas Supreme Court applied a version of the absolute bar rule and held that "in order for a creditor in a secured transaction to sue for a deficiency after disposition of collateral . . . he must first comply with those provisions of Section 9.504 which require giving notice to the debtor."  *Tanenbaum*, *supra* at 772.  Based on *Tanenbaum*, plaintiff apparently intends to assert that the absolute bar rule prevents defendant from using the deficiencies as offsets to the putative class members' recoveries.

However, *Tanenbaum* did not involve a suit by a debtor for the minimum recovery such as plaintiff seeks in this case.  Two years after *Tanenbaum*, in a suit by the debtor for the minimum recovery plaintiff seeks here, the Texas Supreme Court stated that:

> the correct rule of law is stated in *Garza* . . . "that although he [the debtor] did not prove any damages resulting from Credit Union's non-compliance with the notice requirement, he [was] nevertheless entitled to an offset against the deficiency on the car note based upon the 'minimum damage formula' in § 9.507(a) . . ."[1]

*First City Bank-Farmers Branch, Texas v. Guex,* 677 S.W.2d 25, 29 (Tex. 1984).

Under this statement of the law, any recovery of the minimum statutory amount by the members of the putative class in this case would be offset against the deficiencies they owe.

Flagship submits that the absolute bar rule under *Tanenbaum* applies to a creditor's suit to obtain a judgment against the debtor for the deficiency, not to a claim by the debtor for the minimum recovery under § 9.625.  Later Texas Supreme Court and Fifth Circuit authority has explained that the absolute bar rule is in the nature of a condition to a creditor's recovery in a

---

[1]  As plaintiff notes, prior to the 2001 recodification of the Texas Business & Commerce Code, the "minimum damage recovery" was found in Tex. Bus. & Comm. Code § 9.507, which has now been recodified as Tex. Bus. & Comm. Code § 9.625, upon which plaintiff relies.

deficiency suit.  *Greathouse,* 851 S.W.2d at 176; *Kerr v. Bluebonnet Savings Bank, FSB*, 39 F.3d

320, 1994 WL 612385 (5th Cir. 1994) (not selected for publication in the Federal Reporter).

*Guex* on the other hand involved a suit by the debtor for the minimum recovery, like plaintiff's

claim in this case.

Extension of the absolute bar rule from a condition to a creditor's recovery in a

deficiency suit, to preclude the defensive use of a deficiency as an offset against a debtor's claim

for the minimum statutory amount would be inconsistent with the quoted statement from *Guex* as

well as with the holding in *Guex* that a debtor cannot have a double recovery (discussed *infra*).

The resolution of the issue is not currently before the Court and defendant therefore

reserves its argument on the resolution of the issue.  Defendant also reserves for later discussion

the applicability of the absolute bar rule under the 1999 revisions of Chapter 9 of the Texas

Business & Commerce Code, an issue not yet addressed by Texas case law.  For purposes of this

Court's question as to unsettled issues of Texas law, however, based on the statements of

plaintiff's counsel, it appears that this Court will have to resolve the issue of whether the

absolute bar rule should be applied and extended beyond the current Texas Supreme Court case

law to apply to a suit by the debtor for the minimum statutory penalty, and whether a debtor's

suit for the minimum recovery is controlled by *Tanenbaum/Greathouse* or the Texas Supreme

Court's statement of the law in *Guex*.

    2.    <u>Which Party Has Burden of Proof on Primary Use of the Vehicles</u>.

By the express terms of the statute, the minimum statutory amount sought by plaintiff on

behalf of the putative class applies only "if the collateral (the motor vehicle) is consumer goods".

Tex. Bus. & Comm. Code § 9.625(c)(2).  Any member of the putative class for which the vehicle

was not consumer goods must prove actual damages to recover.  *See, e.g.*, *Hensley v. Lubbock*

*Natl. Bank*, 561 S.W.2d 885, 892 (Tex. Civ. App. Amarillo 1978)(no writ).  Some members of

the class may have acquired and used the vehicles solely for consumer use, others solely for

commercial use and others for both consumer and commercial use.  The Court noted that

depositions of individual members of the putative class in Texas may be necessary on some

issues. This may be one of them.

At least one of Texas fourteen intermediate courts of appeal, the Tyler Court of Appeals

that has jurisdiction over appeals from Hartt's home county of Nacogdoches, has held that a

plaintiff seeking the minimum statutory amount has the burden of proving that the vehicle was

used primarily for consumer use, and has denied recovery of the minimum statutory amount

when the plaintiff failed to satisfy that burden.  *Bundrick v. First Natl. Bank of Jacksonville*, 570

S.W.2d 12, 19 (Tex. Civ. App. Tyler 1978)( writ ref'd n.r.e.).   Defendant has located no

contrary Texas appellate authority, though it appears that the issue has not been squarely

addressed by the Texas Supreme Court.  Nor has a Texas case been located addressing the

resolution of this issue in a class action context.

3.      Whether Substantial Compliance is Sufficient.

In plaintiff's memorandum submitted to the Court on April 9, 2010, plaintiff states that

"If the notification in a consumer goods transaction lacks any of the required information, it is

insufficient as a matter of law". *See* Plaintiff's Memorandum at p.4.   Plaintiff cites a legal

encyclopedia, Texas Jurisprudence 3rd, which in turn cites as its authority the official 1999

comment to the Texas Business and Commerce Code.  The official comments to the UCC are

drafted by the Permanent Editorial Board of the UCC, a panel consisting of law professors and

lawyers from around the country, and reflect a national rather than Texas view.  They are entitled

to some weight, but not are not controlling authority in Texas.  The Texas legislature did not adopt the official comments when it adopted the 1999 amendments to the Texas statute.

The statement from the comment cited by plaintiff is inconsistent with holdings in the Texas case law that did not apply a strict compliance requirement to the notice requirement of Chapter 9. *See, e.g.*, *FDIC v. Lanier*, 926 F.2d 462 (5th Cir. 1991); *Carroll v. Kennon*, 734 S.W.2d 34 (Tex. Civ. App. Waco 1987)(no writ).  Those decisions preceded the 1999 revision of the Code (effective July 1, 2001), and the comment upon which plaintiff relies and did not involve consumer goods.

Whether the 1999 revision of the statute limits the line of authority from the Fifth Circuit Court of Appeals and Texas courts, and allows recovery of the minimum amount in a consumer goods transaction whenever the statutory requirements are not strictly complied with, will be an issue of first impression under Texas law.

4.      Whether the Statutory Damages Sought by Plaintiff are Uniform and Apply Regardless of Whether Particular Members of the Putative Class Have Greater Actual Damages.

On page 5 of plaintiff's memorandum of law, plaintiff argues that the official comment to Tex. Bus. & Comm. Code § 9.625(c)(2) "makes clear that the statutory damages are both uniform and intended . . . regardless of whether actual damages are greater, lesser or even absent."

Unless plaintiff's intent is to recover only a minimum recovery for the class members to the jeopardy of any claims they may have for greater actual damages, Plaintiff's assertion is inconsistent with the holding of the Texas Supreme Court in *Guex*.  In *Guex*, the Court held that:

> While a wronged debtor is entitled to plead and obtain findings under either theory of Tex. Bus. & Com. Code § 9.507(a), he is limited to recovering either his compensatory damages for actual losses incurred as a result of the secured party's conduct or minimal

> damages under the statutory formula. He cannot recover both. We
> disapprove this particular language in the opinion of the court of
> appeals . . .

*Guex, supra at* 30 (Tex. 1984).

That holding has been followed by later Texas case law.

Under *Guex*, if the class were to recover only the minimum recovery *res judicata* would bar the class members' claims for higher actual damages. *Guex* and its progeny were decided before the 1999 revision of the Business & Commerce Code and the 1999 comment upon which plaintiff relies. Whether a Texas court would hold that the UCC comment upon which plaintiff relies is sufficient indication that the Texas legislature's adoption of the 1999 amendment intended to overrule authority of the Texas Supreme Court under the similarly worded predecessor statute (former section 9.507) will be an issue of first impression.

## **CONCLUSION**

For the foregoing reasons, Flagship Credit Corporation submits that the present litigation concerns several issues of unsettled Texas law that will be issues of first impression.

Respectfully submitted,

Dated:  April 16, 2010

*/s/  John P. Lavelle, Jr.*
Marc J. Sonnenfeld (I.D. No. 17210)
msonnenfeld@morganlewis.com
John P. Lavelle, Jr. (I.D. No. 54279)
jlavelle@morganlewis.com
Iddo Harel (I.D. No. 209830)
iharel@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5000

William H. Daniel (admitted *pro hac vice*)
bdaniel@mcginnislaw.com
McGINNIS, LOCHRIDGE & KILGORE LLP
600 Congress Avenue, Suite 2100
Austin, TX  78701
512.495.6016

Attorneys for Defendant-
Counterclaim Plaintiff
FLAGSHIP CREDIT CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I, John P. Lavelle, Jr., hereby certify that on April 16, 2010 a true and correct copy of

Defendant's Memorandum of Law Regarding Issues of First Impression under Texas Law was

served on the following counsel via Electronic Court Filing:

Cary L. Flitter
Theodore E. Lorenz
Andrew M. Milz
LUNDY, FLITTER, BELDECOS
& BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA  19072

Richard Tomlinson
3100 Timmons Lane
Suite 100
Houston, TX

Attorneys for Plaintiffs

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.