# EXHIBIT "L"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLYNN HARTT, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff<br><br>vs.<br><br>FLAGSHIP CREDIT CORPORATION,<br><br>                    Defendant. | CIVIL ACTION NO. 10-CV-00822(NS) |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**You are entitled to receive a settlement payment and forgiveness of debt in connection with a class action against Flagship Credit Corporation**

*A Federal court has authorized this notice.*
*This is not a solicitation from a lawyer.*
*You are not being sued.*

- This settlement resolves a lawsuit over whether Flagship Credit Corporation ("Flagship") sent Texas vehicle purchasers proper notice of their rights after repossession.

- Flagship vigorously denies and disputes the claims asserted in the Litigation. The settlement avoids the cost and risks to members of the class (like you) from continuing with the lawsuit; pays money to vehicle purchasers (like you), and releases Flagship from liability.

- This settlement will (a) provide a fund of $2,500,000.00 to be distributed to class members after payment of administrative costs and legal costs and fees, (b) release contract deficiency balances claimed due to Flagship in an amount of $11,285,934.66, and (c) require Flagship to either request that its credit reporting of your account be deleted or report the account balance as satisfied on covered contracts, and (d) take agreed steps to release judgments that may have been obtained against some Class Members in other Courts.

- The lawyers for the vehicle purchasers will ask the Court for payment out of the settlement proceeds of their legal fees in an amount not to exceed $925,000.00 plus up to $20,000.00 in expenses, through the conclusion of the case. The fees sought will pay for: investigating the facts, litigating the case and negotiating and distributing the settlement, handling post-settlement implementation and Class Member inquiries.

- The parties disagree about whether any money (and if so, how much) you could have been awarded if the Plaintiff were to prevail at trial.

- Your rights are affected whether you act or don't act. Read this notice carefully.

| **Your Legal Rights and Options in this Settlement:** | |
|---|---|
| **Do Nothing** | You will be paid approximately [$1,650.00], have your entire deficiency debt to Flagship, if any, waived and have modifications made to your credit report so that it no longer shows an unpaid debt to Flagship, if the settlement is approved by the Court, as presented. |
| **Exclude Yourself** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Flagship concerning repossession or financing of your vehicle. Act by_____. |
| **Object** | Write to the Court about why you don't like the settlement and do not want it approved. Act by_____. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement on _____. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**Page**

**BASIC INFORMATION** ............................................................................................................... 1
    1. Why did I get this notice package? ................................................................. 1
    2. What is this lawsuit about? ............................................................................. 1
    3. Why is this a class action? .............................................................................. 1
    4. Why is there a settlement? ............................................................................. 1

**WHO IS IN THE SETTLEMENT** ............................................................................................... 2
    5. How do I know that I am part of the settlement? ........................................... 2
    6. Does this affect my car account or any obligation to Flagship? ..................... 2
    7. What does the settlement provide? ................................................................. 2
    8. How much will my settlement benefit be? ..................................................... 3
    9. How can I get a payment or other settlement benefits? ................................. 3
    10. When would I get my payment? .................................................................... 3
    11. What am I giving up to get a payment or stay in the Class? .......................... 3

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ......................................................... 4
    12. How do I get out of the settlement? ............................................................... 4
    13. If I don't exclude myself, can I sue Flagship for the same thing later? .......... 4
    14. If I exclude myself, can I get money from this settlement? ........................... 5

**THE LAWYERS REPRESENTING YOU** .................................................................................. 5
    15. Do I have a lawyer in this case? ..................................................................... 5
    16. How will the lawyers be paid? ....................................................................... 5

**OBJECTING TO THE SETTLEMENT** ..................................................................................... 5
    17. How do I tell the Court that I don't like the settlement? ................................ 5
    18. What's the difference between objecting and excluding? .............................. 6

**THE COURT'S FAIRNESS HEARING** ..................................................................................... 6
    19. When and where will the Court decide whether to approve the settlement? ......... 6
    20. Do I have to come to the hearing? .................................................................. 6
    21. May I speak at the hearing? ............................................................................ 6
    22. What happens if I do nothing at all? .............................................................. 6
    23. Are there more details about the settlement? ................................................. 7

## BASIC INFORMATION

### 1. Why did I get this notice package?

The Court approved this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and any appeals are resolved, the Settlement Administrator will make the payments the settlement allows.

The Court in charge of the case is the United States District Court for the Eastern District of Pennsylvania and the case is known as *Hartt v. Flagship Credit Corporation*, Civil Action No. 10-CV-00822(NS). The people who are suing are called Plaintiffs, and the company being sued, Flagship Credit Corporation, is called the Defendant, or "Flagship."

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

You received one or more notices from Flagship in connection with the repossession of your vehicle, between December 10, 2005 and October 7, 2010. These notices form the basis for this lawsuit.

### 2. What is this lawsuit about?

The lawsuit claims that Flagship violated the Texas Business and Commerce Code by failing to send Texas obligors proper notice of their rights after repossession of their vehicle(s). Flagship denies that it did anything wrong and contends that at all times it complied with the law. Flagship further contends that many of the members of the Class owe Flagship money for balances still allegedly due on their accounts following the sale of their vehicles at auction.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Glynn Hartt), sue on behalf of all people who have similar claims. All these people are Class Members when grouped together and are a "Class". One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Norma Shapiro of the United States District Court for the Eastern District of Pennsylvania, in Philadelphia, Pennsylvania is overseeing this class action. Flagship has defenses it would assert to class certification, but has agreed not to oppose certification of a class for settlement purposes only.

### 4. Why is there a settlement?

Plaintiff believes the Class might have won more money than the settlement amount had the case gone to trial, but would not necessarily have obtained waiver of deficiency balances or modifications to credit reports and satisfaction of judgments. Also, substantial delays and risks would have occurred, including the risk of the suit not being confirmed as a class. Flagship believes that the claims asserted in the case are without merit, and that the Plaintiff would have

recovered nothing if there had been a trial, and may have successfully pursued collection of its deficiency balance owed by Plaintiff. Of course, there has been no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial and appeal, and the people affected will get compensation. The Class Representative and the class attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

### 5. How do I know that I am part of the settlement?

The Court has preliminarily certified the following group as a Class:

*"All persons who at the time the Statutory Notice was sent had addresses in the State of Texas and purchased their vehicles at a dealership in Texas; who originally or through assignment financed a motor vehicle with Flagship, and pledged the vehicle as collateral for the contract; from whom Flagship, as secured party, repossessed the vehicle or caused it to be repossessed; who were sent a post-repossession notice that 1) did not advise the debtor that he/she is entitled to an accounting; or 2) did not provide a description of any liability for deficiency; or 3) did not state a telephone number from which the amount needed to cure or redeem could be obtained, if the customer so chose; or 4) stated that it is Flagship's intention to sell this vehicle at a private sale or auction within 10 days from the date of this letter; or 5) any combination thereof; or 6) were not sent any post-repossession notice; in the period commencing December 10, 2005, through October 7, 2010"*

### 6. Does this affect my car contract or any obligation to Flagship?

Yes. As part of the settlement, Flagship has agreed to release any deficiency claimed due by each Class Member under his or her contract following the sale of their car at auction and to report such accounts as satisfied to the credit bureaus or delete its reporting all together on covered accounts. Flagship has calculated that the deficiency balance for the entire Class is $11,285,934.66 (approximately $12,360.00 average per Class Member). However, if you reclaimed your car after it was repossessed and it was not sold at auction, you must continue making payments on your contract. If a money judgment was entered against you by Flagship, the money judgment will be marked satisfied.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 7. What does the settlement provide?

Flagship has agreed to create a settlement fund in the amount of $2,500,000.00. If the settlement is approved, the costs of administering the settlement, *e.g.*, mailing of this notice and the settlement checks, will be paid out of the settlement fund. In addition, court awarded attorney fees of $925,000.00 and case expenses and court costs not to exceed $20,000.00 will be deducted from the settlement fund. Settlement Administration expenses and costs not to exceed $20,000.00 will also be deducted from the settlement fund. The funds remaining after these deductions and administrative expenses will be available for distribution to Class Members. Flagship will also waive and release any claim to deficiency balances and ask the credit reporting

bureaus to fix or remove their negative Flagship reporting, and satisfy any outstanding deficiency judgments. Flagship has also agreed, if the Court approves, to pay $5,000.00 to Mr. Hartt for his individual claim and his service as Class Representative, which payment is over and above the settlement fund.

### 8. How much will my settlement benefit be?

The exact amount of your payment will depend on a final resolution of the number of Class Members who can be located, and the award of counsel costs and fees. However, <u>it is expected that your cash payment would be approximately [$1,650.00]</u>. This amount is reached by taking the available funds for distribution divided by the approximate number of Class Members identified by Defendant. An additional benefit will be a complete release from any obligation to Flagship on the vehicle contract, in a sum that averages approximately $12,360.00 per Class Member. You will not be released from your obligation if you reclaimed your car following repossession. There are other benefits, too.

Any settlement funds remaining from uncashed or undistributable checks or unapproved fees or costs will, subject to Court approval, be paid in equal shares to University of Houston Center for Consumer Law and Texas Rio Grande Legal Aid.

## How You Get The Benefits Of The Settlement

### 9. How can I get a payment or other settlement benefits?

You do not need to do anything further to get a payment, be released from a deficiency balance, obtain a credit report modification or otherwise remain in the Class. So long as you do not choose to opt-out (exclude) yourself from this case, you will remain a Class Member and will receive a payment and other benefits, after court approval of the settlement.

### 10. When would I get my payment?

The Court will hold a hearing on _____, 2011 at __:00 _.m. in Courtroom ____, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, often more than a year. Please be patient.

### 11. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you will stay in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Flagship for any claims, damages or any other amounts or relief of any kind, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or vested, which the Class Representative or any Class Member has had, or now has, which were or could have been raised in the Litigation, which arise out of or relate to the Statutory Notices issued by Flagship, the sale of any repossessed motor vehicles, the conditions of reinstatement and/or redemption, the collection of deficiencies allegedly owed by Class Members, the calculation, collection or payment of any

balance, surplus or other amount of any kind, or the reporting of deficiency balances to any credit reporting agencies. It also means that the Court's orders will apply to you and legally bind you. Unless you "opt-out" or exclude yourself from this case, you will automatically be deemed to have agreed to a "Release of Claims" which describes exactly the legal claims that you give up if you remain in the Class.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment or other benefits from this settlement but you want to keep the right to sue or continue to sue Flagship, on your own, about any of the subjects or issues set forth in the paragraph above, then you must take steps to get out. This is called excluding yourself – or sometimes referred to as "opting out" of the Class.

### 12. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail (first class, postage pre-paid) saying that you, as well as any and all other person(s) signatories of the retail installment contract, want to be excluded from *Hartt v. Flagship Credit Corporation*, Civil Action No. 10-CV-00822(NS). Be sure to include your name, address, email (if available), telephone number and your signature. You must mail your exclusion request postmarked no later than _____ to all of three different places below:

| Settlement Administrator | Class Counsel | Defense Counsel |
|---|---|---|
| Flagship Class Action Settlement c/o RSM McGladrey, Inc. P.O. Box 1327 Blue Bell, PA 19422 | Cary L. Flitter, Esq. LUNDY, FLITTER, BELDECOS & BERGER, P.C. 450 N. Narberth Avenue Narberth, PA 19072 | John P. Lavelle, Jr., Esq. MORGAN, LEWIS & BOCKIUS LLP 1701 Market Street Philadelphia, PA 19103 |

If you ask to be excluded, you will not get any settlement payment or other relief, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Flagship in the future.

### 13. If I don't exclude myself, can I sue Flagship for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Flagship for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit.

### 14. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit or settlement, a release of any deficiency balance, or other relief.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court approved the law firms of Lundy, Flitter, Beldecos & Berger, P.C., in Narberth, Pennsylvania, and Richard Tomlinson, of Houston, Texas, to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire a firm at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court to approve a payment out of the settlement fund in the amount of $925,000.00 for class counsel fees and up to $20,000.00 for reimbursement of expenses. The fees would pay Class Counsel for investigating the facts, litigating the case, negotiating the settlement and oversight of future implementation of the settlement. Class Counsel has not been paid for their time or services since this case was originally filed in 2009. The Court could award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 17. How do I tell the Court that I don't like the settlement?

If you are a Class Member, you can object to the settlement if you don't like any part of it. You should state why you object and why you think the Court should not approve the settlement. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Hartt v. Flagship Credit Corporation*, Civil Action No. 10-CV-00822(NS). Please be sure to include your name, address, email address (if available), telephone number, your signature, and the reasons you object to the settlement. Mail the objection to all of the three different places below, postmarked no later than _____.

| **Court** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| Clerk, U.S. District Court | Cary L. Flitter, Esq. | John P. Lavelle, Jr., Esq. |
| Room 2609 | LUNDY, FLITTER, | MORGAN, LEWIS & |
| U.S. Courthouse | BELDECOS & BERGER, | BOCKIUS LLP |
| 601 Market Street | P.C. | 1701 Market Street |
| Philadelphia, PA 19106 | 450 N. Narberth Avenue | Philadelphia, PA 19103 |
| | Narberth, PA 19072 | |

### 18. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement, and that you, for that reason, want the settlement not to be approved. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on _____ at __:00 _.m. in Courtroom ___ at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate and meets the test for class action settlements. If there are objections, the Court will consider them. Judge Shapiro will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay the Class Representative for his individual settlement award and Class Counsel for their services and expenses. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it, but you may. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *Hartt v. Flagship Credit Corporation*." Your Notice of Intention to Appear must be postmarked no later than _____ and be sent to the Clerk of Court, Class Counsel and Defense Counsel, at the three addresses in Section 17 above. You cannot speak at the hearing if you exclude yourself from the settlement.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

If you do nothing, you will be a part of this settlement (if the Court approves it) and will receive a settlement payment and, if you did not reclaim your car, you will also receive debt forgiveness and credit reporting relief. You will also give up the right to bring your own lawsuit.

## GETTING MORE INFORMATION

### 23. Are there more details about the settlement?

This notice summarizes the proposed settlement. The pleadings and other records in this litigation, including a copy of the Settlement Agreement, may be examined at any time during regular office hours at the Office of the Clerk, Room 2609, United States Courthouse, 601

Market Street, Philadelphia, Pennsylvania 19106, or you may look on-line via the Pacer System at www.uscourts.gov.

You may also call or write to the following:

**Flagship Class Action Settlement**
**c/o Settlement Administrator**
**c/o RSM McGladrey, Inc.**
**P.O. Box 1327**
**Blue Bell, PA 19422**

Please **do not** call the Court, Flagship, or Flagship's counsel.

Dated _____, 20___                          BY THE COURT

                                                 _____
                                                 MICHAEL E. KUNZ, CLERK