IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**
JAN 31 2011
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

| | |
|---|---|
| GLYNN HARTT, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>FLAGSHIP CREDIT CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 10-CV-00822(NS) |

## ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS SETTLEMENT AND DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS

AND NOW, this 28th day of January, 2011, the Court finds and Orders:

This Court has before it a proposed class action settlement. Having reviewed the proposed Class Action Settlement Agreement and Release, which was filed of record as an exhibit to the Amended Motion for Preliminary Approval (Doc. No. 36) and is incorporated herein by reference (the "Settlement Agreement"), having read the Plaintiff's Motion for Preliminary Approval, having been advised that Defendant joins in the relief requested, and based specifically upon the facts and circumstances at issue in the present case, the Court hereby ORDERS as follows:

1. **Class Findings.**

   a) The numerosity requirement of F. R. Civ. P. 23(a)(1) is satisfied because the Class numbers over 900. Thus, the Class is so numerous that joinder would be impracticable.

   b) The commonality requirement of F. R. Civ. P. 23(a)(2) is satisfied because members of the Class share at least one common factual or legal issue, *i.e.*,

whether Flagship failed to send to Class Members a Notice of Repossession that provided (a) proper period of notice before the vehicle would be exposed to sale; (b) a statement that the debtor is entitled to an accounting of the unpaid balance; (c) a statement of "liability for any deficiency" all as required by the Texas Business and Commerce Code ("Code"); and (ii) whether the Class is entitled to the minimum statutory damages provided by that Code.

c) The typicality requirement of F. R. Civ. P. 23(a)(3) is satisfied because Plaintiff seeks to obtain a determination that Defendant engaged in uniform misconduct against members of the Class and because Plaintiff seeks to obtain a determination that this alleged common practice was unlawful on behalf of all Class Members who were alleged to have been damaged by the practice. All Class Members were Texas obligors who allegedly were not sent notices that contain all of the statutorily required items.

d) The adequacy requirement of F. R. Civ. P. 23(a)(4) is satisfied in that: (i) the interests of the Representative Plaintiff Hartt and the nature of his claims are consistent with those of all members of the Class; (ii) there appear to be no conflicts between or among the Representative Plaintiff and the Class Members; and (iii) the Representative Plaintiff and the Class Members are represented by qualified, reputable counsel who have been often certified as Class Counsel in similar matters, and who to date have advanced litigation costs on behalf of Plaintiff and the Class, have agreed to continue to so advance all litigation costs, and are experienced in preparing and prosecuting complex class actions.

e) The Court has also considered the provisions of F. R. Civ. P. 23(g)(1) and finds that Class Counsel has identified the proper issues, is sufficiently experienced, is knowledgeable about applicable Texas and federal law and has adequate resources to commit to the Class Litigation.

f) The requirement of F. R. Civ. P. 23(b)(3) that a class action for settlement purposes provides a fair and efficient method for the resolution of the controversy is satisfied, and a Class Action for settlement purposes is a superior method to other available methods for a fair and efficient resolution of the Class's claims.

g) Common issues of law and fact alleged by Plaintiff predominate over any potential individual issues, including the alleged common issue of whether form letter(s) sent by Defendant post-repossession comply with the provisions of one Texas statute.

h) In making these preliminary findings, the Court has also given consideration to, among other factors: (i) the interests of Class Members in individually controlling the prosecution of separate actions for modest sums; (ii) the extent and nature of any litigation concerning these claims already commenced; (iii) the desirability of concentrating the litigation of the claims in this forum; (iv) the impracticability or inefficiency of prosecuting or defending separate actions. F. R. Civ. P. 23(b)(3).

i) However, the Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

DB1/65962680.1

2. **The Class, Class Representative and Class Counsel.**

   a) The Class is defined as: "All persons: who at the time the Statutory Notice was sent had addresses in the State of Texas and purchased their vehicles at a dealership in Texas primarily for consumer use; who originally or through assignment financed a motor vehicle with Flagship, and pledged the vehicle as collateral for the contract; from whom Flagship, as secured party, repossessed the vehicle or caused it to be repossessed; who were sent a post-repossession notice that: 1) did not advise the debtor that he/she is entitled to an accounting; or 2) did not provide a description of any liability for deficiency; or 3) did not state a telephone number from which the amount needed to cure or redeem could be obtained, if the customer so chose; or 4) stated that it was Flagship's intention to sell this vehicle at a private sale or auction within 10 days from the date of the letter; or 5) any combination thereof; or 6) were not sent any post-repossession notice; in the period commencing December 10, 2005, through October 7, 2010;

   b) Glynn Hartt is appointed representative of the Class ("Representative Plaintiff");

   c) The firms of Lundy, Flitter, Beldecos & Berger, P.C. and Richard Tomlinson are appointed as counsel to the Representative Plaintiff and the Class ("Class Counsel").

3. **Findings Regarding Proposed Settlement.** The Court finds that: (a) the proposed settlement resulted from extensive arm's-length negotiations assisted by a retired judge hired as a third-party mediator; the proposed Settlement was concluded only after counsel for both parties had conducted extensive discovery (including depositions of the principals and exchange of over 70,000 pages of documents), and briefed and argued a threshold motion on

jurisdiction and potential transfer; (b) the proposed settlement of this action involves direct and substantial cash payments to Class Members, as well as substantial valuable relief including modification of Class Members' credit reports, the release of certain deficiency balances, and the satisfaction of judgments, which is commensurate with their alleged harm; and (c) the proposed Settlement evidenced by the Settlement agreement is preliminarily found fair, reasonable and adequate to send notice of this action and the proposed settlement to the Class Members and hold a final hearing on the proposed settlement.

4. **Final Approval Hearing.** A hearing (the "Final Approval Hearing") will be held on _____, 2011, at _____.m., in Courtroom \_\_\_\_, U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania, to determine whether:

   a) the proposed settlement of this action should be finally approved as fair, Reasonable and adequate;

   b) this action should be dismissed with prejudice pursuant to the terms of the settlement;

   c) Class Members should be bound by the release set forth in the proposed settlement;

   d) Plaintiff's application for an award of attorneys' fees and expenses to Class Counsel, and Representative Plaintiff's application for an individual settlement award, should be approved; and

   e) Objections to the Settlement Administrator's decisions regarding opt-outs should be sustained or rejected.

5. **Pre-Hearing Notices to Class Members.** Subject to the terms of the Settlement Agreement, an independent, third-party class action administrator RSM McGladrey, Inc. (the "Settlement Administrator") shall provide Class Members with notice in the manner set forth

below. Plaintiff has filed separately a motion to appoint RSM McGladrey, Inc. as Settlement Administrator.

6. **Notice by Mail.** The Settlement Administrator shall mail the Class Notice (with proper dates filled in) substantially in the form filed with this Court as Exhibit B to the Settlement Agreement to the last-known address of each potential Class member as reflected on Defendant's current and reasonably accessible records, and updated by the Administrator using Accurint database or other equivalent database. The Class Notice shall be sent by first-class mail, postage prepaid, no later than fourteen (14) days following the entry of this Order.

7. **Proof of Mailing.** At least fifteen days before the Final Approval Hearing, the Settlement Administrator **shall** submit to Class Counsel an affidavit of mailing of the Class Notice. Class Counsel shall docket the affidavit promptly.

8. **Findings Concerning Notice.** The Court finds that notice given in the form and manner provided in paragraph [6] of this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Class Members (i) of the settlement of this action, (ii) of their right to exclude themselves from the Class and the proposed settlement, (iii) that any judgment, whether favorable or not, will bind all Class Members who do not request exclusion, and (iv) that any Class member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance personally or through counsel.

The Court further finds that the Class Notice proposed and submitted as an exhibit to the Motion for Preliminary Approval is of the type approved for use by the Federal Judicial Center (www.fjc.gov/public/home), is written in plain English and is readily understandable by Class Members. In sum, the Court finds that the proposed notice and methodology for giving notice are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to

be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and other applicable law.

9. **Exclusion from Class.** Any Class member who wishes to be excluded from the Class must send a written request for exclusion to the Settlement Administrator at the address provided in the Settlement Class Notice. Any such exclusion request must be sent by first-class mail, postage prepaid, and must be postmarked no later than a date forty-five (45) days after the date the Notice of mailed by the Administrator. The Settlement Administrator shall present a list of requested opt-outs explaining reasons for each acceptance or rejection. Objections to any of the Settlement Administrator's decisions will be heard at the Final Approval hearing on April 13, 2011. If the proposed settlement is approved, any Class member who has not submitted a timely, written request for exclusion from the Class shall be bound by all subsequent proceedings, orders and judgments in this action.

10. **Objections and Appearances.**

   a) **Written Objections.** Any Class Member who does not file a timely, written request for exclusion and who complies with the requirements of this paragraph may object to any aspect of the proposed settlement, including the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class's representation by the Representative Plaintiff or Class Counsel, the award of attorneys' fees and expenses, and/or the individual settlement award to the Representative Plaintiff. A Class Member may assert such objections either on his or her own or through an attorney hired at his or her expense. To object, a Class Member must send a letter saying that he or she objects to the settlement in *Hartt v. Flagship Credit Corporation*, Civil Action No. 10-CV-00822(NS). Any objection should state the reasons for the objection and why the objector thinks the Court should not approve the settlement. The objection must include the

7

name, address, telephone number, email address, if available, signature, and the reasons for the objection to the settlement. The objection should be filed with the Clerk, U.S. District Court, 601 Market Street, Room 2609, Philadelphia, PA 19106, with copies mailed to the three different places below, postmarked no later than forty-five (45) days from the date of the Notice.

| **Settlement Administrator** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| Flagship Class Action Settlement<br>c/o RSM McGladrey, Inc.<br>P.O. Box 1327<br>Blue Bell, PA 19422 | Cary L. Flitter, Esq.<br>LUNDY, FLITTER, BELDECOS & BERGER, P.C.<br>450 N. Narberth Avenue<br>Narberth, PA 19072 | John P. Lavelle, Jr., Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103 |

b) **Other Objections.** Any Class Member who does not timely file with the Court and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising any objection to the settlement. Any untimely objection shall be barred, absent extraordinary circumstances.

c) **Notice of Appearance.** If a Class Member hires an attorney to represent him or her, the attorney must file a notice of appearance with the Office of the Clerk, and deliver a copy of that notice to Defendant's counsel and to Class Counsel, at the addresses set forth in paragraph [10(a)] of this Order. Counsel must receive any such notices of appearance contemporaneously with submission to the Court.

d) **Appearance at Final Approval Hearing.** Any Class Member who files and serves a timely, written objection pursuant to the terms of paragraph [10] of this Order and complies with the requirements of this paragraph may also appear and

be heard at the Final Approval Hearing either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear and be heard at the Final Approval Hearing must deliver to the Court, and to Settlement Administrator, Defendant's counsel and Class Counsel, at the addresses specified in paragraph [10] of this Order, a notice of intention to appear, setting forth the case number and the name, address and telephone number of the Class Member (and, if applicable, the name of the Class Member's attorney). Notices of intention to appear must be postmarked no later than forty-five (45) days from the date of the Notice. Any Class Member who does not timely file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear and be heard at the Final Approval Hearing, except for good cause shown.

11. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or (b) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose.

12. **Use of Order.** This Order shall not be construed or used as an admission, concession, or finding by or against Defendant of any fault, wrongdoing, breach or liability, or of the appropriateness or permissibility of certifying a class on contest or for any purpose other than settlement. Nor shall the Order be construed or used as an admission, concession, or finding by or against Plaintiff or the Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

13. **Continuance of Hearing.** The Court reserves the right to continue the Final Approval Hearing without further written notice.

BY THE COURT:

_____
Norma J. Shapiro, U.S.D.J.