IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLYNN HARTT, individually and on behalf of all others similarly situated,<br><br>                Plaintiff<br><br>vs.<br><br>FLAGSHIP CREDIT CORPORATION,<br><br>                Defendant. | CIVIL ACTION NO. 10-CV-00822(NS) |

## ORDER FOR FINAL JUDGMENT AND DISMISSAL

WHEREAS, Glynn Hartt (the "Class Representative" or "Plaintiff"), on behalf of himself and the Class Members, and Flagship Credit Corporation ("Flagship") Defendant in the above-captioned action (the "Action") have entered into, and filed with the Court, a Class Action Settlement Agreement and Release (the "Settlement Agreement");

WHEREAS, the Court on February 3, 2011, entered an Order Preliminarily Approving the Settlement ("Preliminary Approval Order");

WHEREAS, on April 13, 2011, beginning at 2:00 p.m. in Courtroom 10A in the United States Courthouse, 601 Market Street, Philadelphia, PA, this Court held a hearing to consider, among other things: (i) whether the settlement reflected in the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interests of the members of the Class; (ii) whether final judgment should be entered dismissing the claims of the members of the Class with prejudice and on the merits, as required by the Settlement Agreement; and (iii) whether to approve Plaintiff's application for class representative expenses and (iv) Plaintiff's request for an award of Class Counsel fees, costs, and expenses from the common fund.

WHEREAS, based on the foregoing, having heard the statements of counsel for the parties, and no person having appeared to object or be heard at the final approval hearing, having

considered all of the files, records, and proceedings in the action, including specifically the Settlement Agreement (and the exhibits appended thereto), the memoranda and other papers filed by the parties in support of final approval of the proposed settlement;

WHEREAS, the Settlement Class, as defined in the parties' Settlement Agreement at Sec. 1.02, is:

> "(a) all persons who at the time the Statutory Notice was sent had addresses in the State of Texas and purchased their vehicles at a dealership in Texas primarily for consumer use; (b) who originally or through assignment financed a motor vehicle with Flagship and pledged the vehicle as collateral for the contract; (c) from whom Flagship, as secured party, repossessed the vehicle or caused it to be repossessed; (d) who were sent a post-repossession notice that 1) did not advise the debtor that he/she is entitled to an accounting; or 2) did not provide a description of any liability for deficiency; or 3) did not state a telephone number from which the amount needed to cure or redeem could be obtained, if the customer so chose; or 4) stated that it is Flagship's intention to sell this vehicle at a private sale or auction within 10 days from the date of this letter; or 5) any combination thereof; or 6) were not sent any post-repossession notice; (e) in the period commencing December 10, 2005, through October 7, 2010" and who have not timely and validly excluded themselves from the Settlement pursuant to paragraph [4.03].

THE COURT HEREBY FINDS AND ORDERS:

1. **Notice to the Class**: Notice to the Class has been provided by the Settlement Administrator pursuant to this Court's Order of Preliminary Approval, as attested to by the Affidavit of the Settlement Administrator. The notice given to members of the Class by first class mail constituted due and sufficient notice of the settlement and the matters set forth in said notices to all persons entitled to receive notice, and fully satisfies the requirements of due process and F. R. Civ. P. 23(c) and 23(e).

2. **Settlement Approved**: The proposed settlement set forth in the parties' Settlement Agreement, a copy of which was filed with the Motion for Preliminary Approval, is

fair, reasonable, adequate and in the best interests of the Class. The terms in this Order shall be interpreted in accordance with the definitions in the Settlement Agreement. All aspects of the Settlement Agreement are approved. The Class Representative is allowed $ 1260.00 as reimbursement of expenses associated with his duties.

3. **Class Counsel Fees and Expenses**. The Court has reviewed the application for Class Counsel fees and expenses, and the documentation submitted in support. Consistent with the criteria set forth in F. R. Civ. P. 23(h), and established law providing for payment of reasonable counsel fees and expenses to class counsel from a common fund created for the benefit of the Class, the Court finds the value of cash, aggregate forgiveness of debt (albeit disputed) arising from any default and repossession, and other relief (including modification of credit reports of Class Members and vacatur of any judgments against some Class Members) exceeds $13,785,000.00, not including the administrative costs and burdens to Flagship in connection with such remedies.

The request for award of fees to Class Counsel in the sum of $925,000.00 is approved as fair and reasonable considered in light of all the factors to be considered. Litigation expenses of Class Counsel have been adequately documented, were reasonable and necessary for effective prosecution of the case. Expenses are approved in the requested sum of $ 17077.92. Each may be paid from the Settlement Fund.

4. **Dismissal and Related Matters**:

    a. The claims of all members of the Class, except those who timely excluded themselves from the Class pursuant to Paragraph [4.03] of the Settlement Agreement, are hereby dismissed with prejudice, on the merits and without costs to any party. The record reflects that

3

one member, Dee Wells of Plano, TX has submitted a notice to opt-out and Ms. Wells is excluded from the Class.

b.  Mr. Hartt, on his own behalf and on behalf of each Class Member, by operation of this release and the judgment, hereby shall be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged with prejudice any and all of the Released Persons of and from any and all Settled Claims, and shall be forever barred and enjoined from instituting or further prosecuting, in any forum, including but not limited to any state or federal court or arbitration, administrative or other proceeding, any Settled Claim as defined in the Settlement Agreement.

c.  Mr. Hartt, on his own behalf and on behalf of each Class Member, has acknowledged that he is aware that he or she may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of this Release, but that it is his or her intention to, and he or she is hereby deemed, upon the Effective Date of the Settlement Agreement, to fully, finally and forever settle and release any and all of the Released Persons from any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or matured, which now exist, may hereafter exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.

d.  Mr. Hartt, on his own behalf and on behalf of each Class Member, has acknowledged and agreed that he cannot raise any Settled Claim as a defense to any action brought by a Released Person against them in connection with an action seeking repayment of an obligation other than an obligation waived under the Settlement Agreement.

e.   On the Effective Date, solely by operation of law and pursuant to the Settlement Agreement, Flagship shall be deemed to have released, settled, compromised, relinquished and discharged with prejudice all Class Members with a Deficiency Balance, including the Class Representative, their agents, attorneys, heirs and assigns, from any and all claims, liens, demands, causes of action, obligations, damages, judgments and liabilities of any nature whatsoever, known or unknown, that they have had in the past, or now have, or may have in the future against the Class Member arising from or related to the motor vehicle installment sale contracts to which the Class Members are signatories. Flagship and its agents are hereby enjoined from any further attempts to collect such monies from Class Members. This release shall not apply to any Class Member who reinstated their contract or reclaimed and/or obtained the return of their vehicle following repossession and/or who does not appear on the records of Flagship as owing a Deficiency Balance.

f.   In light of the notice given to the Class Members, the Plaintiff and all Class Members who did not exclude themselves shall be bound by the Settlement Agreement and all of their Settled Claims shall be dismissed with prejudice and released.

5.   *Cy Pres*.  The Court approves as *cy pres* beneficiaries Philadelphia Legal Assistance, University of Houston Center for Consumer Law and Texas Rio Grande Legal Aid. The Funds remaining after distribution of the Settlement Fund to Class Members, for Class Counsel fees and for administration expenses, plus interest accrued on the Settlement Fund, if any, shall be distributed by the Settlement Administrator in equal one-third shares to said beneficiaries.

6.   **Continuing Jurisdiction.**  Consummation of the settlement shall proceed as described in the Settlement Agreement and the Court hereby specifically retains jurisdiction of

this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). The Court retains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement and supervising the distribution and allocation of the Settlement Fund.

7. **Report as to Administration**. On or before December 31, 2011, Class Counsel shall file with the Court an appropriate affidavit attesting that the settlement has been administered according to its terms and that any residue has been duly paid over to the *cy pres* recipients as the Settlement Agreement provides.

Final judgment shall be entered as provided herein.

BY THE COURT:

_____
Norma L. Shapiro, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLYNN HARTT, individually and on behalf of all others similarly situated,<br><br>                Plaintiff<br><br>vs.<br><br>FLAGSHIP CREDIT CORPORATION,<br><br>                Defendant. | CIVIL ACTION NO. 10-CV-00822(NS) |

## CERTIFICATION OF GLYNN HARTT

I, GLYNN HART, an adult individual, certify as follows:

1.    I am the named Class Representative in the above action.

2.    For over ten (10) years I have been employed at Stephen F. Austin University ("SFA") in Nacogdoches, Texas. SFA is a state affiliated university. I work in the physical plant department, sign shop.

3.    My rate of pay is $18.03 per hour. An issue came up at the Final Approval Hearing on April 13, 2011 concerning lost time from work that I took to come to Philadelphia for this case, and the value of the vacation pay used.

4.    In my Certification dated March 30, 2011 (Doc. No. 42-15), I certified that I missed approximately 46 hours of work in connection with my three trips to Philadelphia (for my deposition, for mediation, and for Final Approval Hearing). At my hourly wage of $18.03, I stated the time off cost me approximately $829.00. *See id.* p. 3 of 3.

5. If I don't work, I don't get paid unless I use accrued vacation time. Although I was able to use vacation time for these trips and not suffer the out-of-pocket loss of pay in connection with each visit, the expenditure of vacation time has left me effectively without any remaining vacation time.

6. As a result of budget reductions by the State of Texas, SFA staff, including myself, has been advised by the university that there will be forced furlough. On April 20, April 22, May 27 and July 1, 2011, I will be furloughed without pay. This has been presented to me in a memorandum from the President of the university, Baker Pattillo, dated January 25, 2011. A true copy of the memorandum concerning the furloughs is attached to this Certification.

7. The memorandum provides that "furloughed employees classified by the university as 'exempt' will be allowed to expend vacation time for furlough days while furloughed employees classified as 'non-exempt' will be allowed to expend vacation and/or compensatory time." Because I spent my vacation days travelling as part of the lawsuit, I cannot use those vacation days so as to receive compensation for these forced furlough days. Although additional specific furlough dates have not been provided, I am advised by my supervisors that 4 or more additional furlough days can be expected after July 1 through the end of the calendar year 2011. Because I used up my vacation time, I will not receive compensation for these additional furlough days either.

8. I have requested to be reimbursed $829.00 for my lost vacation time so I do not suffer the monetary loss that will result from my being unable to use my vacation time to replace the income lost from these forced furloughs.

9.  I am also submitting a copy of a pay stub from check issued to me November 1, 2010. It reflects that vacation pay (at my rate of $18.03 an hour) is accrued to me, and paid as part of my compensation. For example, this reflects that I had 22.5 hours of vacation time during this period at a total value (current earnings) of $405.58. In other words, the paid vacation time is part of my compensation, just as my basic wage is.

10. If the requested $829.00 reimbursement is allowed, this will no more than make me whole from the loss of paid vacation time that I used to travel to Philadelphia for this class case.

I certify under penalty of perjury the foregoing is true and correct.

Date: April 14, 2011

GLYNN HARTT

☑012/015

# EXHIBIT "A"

Date: Tue, 25 Jan 2011 15:45:47 -0600
From: Baker Pattillo <bpattillo@sfasu.edu>
Subject: State Appropriation Reduction
To: allfacstaff-L@sfasu.edu
X-Mailer: Microsoft Office Outlook 12.0
Thread-Index: Acu82TmoL4hIGUwKTp2O3PtmCTJWLQ==

To: All Faculty and Staff

From: Baker Pattillo, President

Date: January 25, 2011

Subject: State Appropriation Reduction

Prior to the Christmas holidays I informed you that the state leadership had notified us that our current state funding appropriation would be reduced by 2.5% immediately. This reduction equals $1,025,003 and impacts this year's current operations. This cut is in addition to the 5% reduction already made during the development of the 2010-11 budget. Together, these reductions equal $5,043,398.

As you can imagine, making this new reduction in the middle of a fiscal year is challenging. Today, the SFA Board of Regents approved a plan to address this challenge.

The Board of Regents has authorized me to close the university and furlough leave-eligible employees on April 21, April 22, May 27, and July 1. This action will result in salary expenditure savings of approximately $600,000. Only staff members are furloughed under this program as the nature of faculty contracts does not currently permit faculty furloughs.

Furloughed employees classified by the university as "exempt" will be allowed to expend vacation time for furlough days, while furloughed employees classified as "non-exempt" will be allowed to expend vacation and/or compensatory time. Furloughed employees without appropriate leave time accrued, or those who choose not to use leave time, will be placed on leave without pay status for these days. Personnel essential to the operation of the university required to work during the furlough days must expend four days of appropriate leave time prior to August 31, 2011.

More detailed information about this process will be posted on the Human Resources website in the near future.

The remaining reduction of $425,003 will be addressed by the vice presidents on a divisional basis.

What I said in my message in December is still true today. I remain dedicated to limiting the effect these changes will have on the delivery of the academic mission of the University, and on the faculty and staff. However, there will be many difficult decisions made over the next several weeks and months, not only as we deal with the immediate reduction, but also as we prepare for the reductions that will be necessary in the development of our budget for the next fiscal year.

I remain confident that we will work through these issues and emerge from these challenges more focused than ever.

# EXHIBIT "B"

| Personal Info | Benefits | Payroll | Employment |

SITE MAP | HELP | HOME | EXIT

# Check Stub History

**Employer or Institution: 001**

| Check Issue Date | Employee Name | Employee Id | Total Earnings | Total Taxes and Deductions | Total Employer Contributions | Net Wages |
|---|---|---|---|---|---|---|
| 11/01/2010 | HARTT,GLYNN A | ***-**-8958 | 1,746.64 | 579.09 | 558.69 | 1,167.55 |

| Check or Direct Deposit Number | Form of Payment | Account Type | Amount |
|---|---|---|---|
| 9759977 | DIRECT DEPOSIT | CHECKING | 1,167.55 |
|  |  | Total: | 1,167.55 |

**Accrual Balances:** Vacation 3.50  Sick 4.50

### Earnings

| Pay Description | Hours Worked | Current Earnings | Year To Date Earnings |
|---|---|---|---|
| REGULAR SEMI-MONTHLY PAY | 54.50 | 982.63 | 25,025.62 |
| EMERGENCY LEAVE | 0.00 | 0.00 | 432.72 |
| EXTRA TIME PAY | 0.00 | 0.00 | 1,677.34 |
| HOLIDAY PAY | 0.00 | 0.00 | 1,586.64 |
| VACATION | 22.50 | 405.68 | 2,881.20 |
| FULL SALARY SICK LEAVE | 11.00 | 198.33 | 1,649.76 |
| FLSA COMP TIME TAKEN(1.0) | 0.00 | 0.00 | 18.03 |
| LONGEVITY PAY | 1.00 | 160.00 | 1,760.00 |
| Totals: | 89.00 | 1,746.64 | 35,031.31 |

### Employee Taxes

| Description | This Check | Year To Date | Year To Date Taxable Gross |
|---|---|---|---|
| FICA | 95.67 | 1,945.02 | 31,371.26 |
| MQFE MEDICARE | 22.37 | 454.88 | 31,371.26 |
| FEDERAL WITHHOLDING | 144.95 | 3,044.24 | 29,129.32 |
| Totals: | 262.99 | 5,444.14 | |

| Description | Employee Deductions | | Employer Contributions | |
|---|---|---|---|---|
|  | This Check | Year To Date | This Check | Year To Date |
| AD&D-MF-SH | 8.00 | 88.00 | 0.00 | 0.00 |
| DB-MS-SH | 22.46 | 67.38 | 0.00 | 0.00 |
| DEP LIFE | 0.69 | 2.07 | 0.00 | 0.00 |
| HCR-R26 SE | 50.00 | 150.00 | 0.00 | 0.00 |
| HEALTH INS | 118.17 | 354.51 | 324.80 | 974.40 |
| OTHER DED | 0.00 | 2,957.58 | 0.00 | 0.00 |

https://www.sctweb.sfasu.edu:4043/hr-bin/tsrvweb.exe                                12/20/2010